JAMES HART, Trustee of the Estate of B. J. McKay, Also Known as Benjamin J. McKay, Bankrupt, Respondent, v. C. O. CAS-TERTON et al. C. O. CASTERTON, Appellant.

(227 N. W. 183.)

Opinion filed October 22, 1929.

*Theo. B. Torkelson* and *Lawrence, Murphy & Nilles,* for appellant.
*Kechane & Kuhfeld,* for respondent.

PER CURIAM. This is a sequel to Hart v. Casterton, 56 N. D. 581, 218 N. W. 644, and involves solely the question whether the plaintiff is entitled to recover costs in the district court. The action is one to determine adverse claims to real property. The complaint alleges that one Benjamin J. McKay was adjudged a bankrupt; that the plaintiff Hart was elected trustee of the estate of said bankrupt; that at the time of the adjudication in bankruptcy the said bankrupt was the owner of certain real property described in the complaint; that consequently

the plaintiff, as trustee of the estate of said bankrupt, is the owner, and entitled to the possession, of such real property, and that the defendant claims some interest in, lien upon, or title to said premises adverse to the plaintiff. The prayer for judgment was that the defendant be required to set forth his adverse claims and that the validity thereof be determined and that the same be adjudged to be null and void. The defendant Casterton interposed an answer wherein he admitted that the bankrupt had been and was the owner of the premises as alleged in the complaint and further alleged that said McKay had executed and delivered a mortgage upon said premises to one Curtin; that such mortgage had been duly recorded and that the mortgage and notes secured thereby had been duly assigned to Casterton; that there was a default in the conditions of the mortgage and that thereupon the defendant Casterton caused the same to be foreclosed by advertisement; that Casterton had paid delinquent taxes in the sum of $618.53. The plaintiff interposed a reply wherein he asserted that the mortgage was invalid and unenforcible for certain stated reasons and asked judgment that the mortgage be decreed to be null and void and that the defendant Casterton be required to cancel the same of record. The case was tried upon the issues thus framed. The trial court rendered judgment in favor of the plaintiff quieting title against all claims, interests or liens of Casterton and directing Casterton to cancel and discharge the mortgage of record. Casterton appealed and demanded a trial anew in this court. This court held the judgment appealed from to be erroneous and directed that it be modified so as to adjudge that Casterton had a first lien upon the real property for the amount of the taxes which he had paid together with interest thereon; that the plaintiff Hart had a lien upon the real property, subject to the first lien for taxes adjudged in favor of Casterton, for the amount of the claims of Golden Valley county and Lone Tree school district (after crediting thereon such payments as should be made in the way of dividends on account of the First National Bank of Beach); and that title to the premises be quieted in the defendant Casterton subject to the liens so adjudged. 56 N. D. 594, 218 N. W. 644. The judgment of this court as transmitted to the district court with the remittitur provided that neither party should recover costs on appeal. After the remittitur had been returned to and filed in the district court that court entered

a new judgment by the terms of which the defendant Casterton was adjudged to have a first lien upon the premises for $618.53 together with interest thereon; Golden Valley county and Lone Tree school district were adjudged to have liens for the amounts of their claims and the title to the property was quieted in the defendant. Casterton subject to said liens. The trial court further adjudged that the plaintiff have judgment against the defendant Casterton in the sum of $99.94 for the costs and disbursements in the district court, as taxed in the original judgment. The present appeal challenges the correctness of the judgment for costs against the defendant Casterton.

The statute relating to a statutory action to quiet title provides that "costs shall be awarded to the prevailing parties against each adversary in the action" except that no costs shall be allowed against the defendant not appearing. Comp. Laws 1913, § 8153.

Under the original judgment rendered by the district court the plaintiff Hart was clearly the prevailing party,—he was adjudged to be the owner and entitled to the possession of the real property in question and his title thereto was quieted against all claims, encumbrances and liens of Casterton, and all such claims were adjudged to be null and void. But, under the judgment rendered by the district court pursuant to the mandate of this court it cannot be said that Hart was the prevailing party within the purview of § 8153, supra. The plaintiff was unsuccessful in his attempt to be adjudged owner of the property and to have Casterton's certificate of foreclosure sale cancelled and annulled. Casterton, and not Hart, was adjudged to be the owner of the premises. Casterton, and not Hart, was adjudged to have a first lien on the premises. Casterton's title, however, was adjudged to be subject to a lien for claims held by Golden Valley county and Lone Tree school district against the bankrupt McKay. In these circumstances the plaintiff Hart cannot be said to be the prevailing party so as to entitle him to costs as a matter of right under § 8153, supra. Neither do we think it can be said that Casterton is the prevailing party so as to be entitled to such costs as a matter of right. His claim that the mortgage given by McKay, the bankrupt, upon the land in question was a lien prior to any interest or lien held by the plaintiff in behalf of any of McKay's creditors was not sustained. In a word, neither party was wholly successful and the ultimate judgment is of

such character that neither party is entitled to costs as a matter of right as the prevailing party. The case is one where neither party should be awarded costs. 32 Cyc. 1186. Accordingly the judgment appealed from, in so far as it awards costs against the defendant Casterton, is reversed and the cause is remanded with directions that no costs be allowed to either party.

BURKE, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.